◼ In the Matter of HARRY S. and Another, Children Alleged to be Abused and Neglected. DAVID S., Appellant; DEPARTMENT OF SOCIAL SERVICES, Respondent. [655 NYS2d 1002] —In a child protective proceeding pursuant to Family Court Act article 10, the father appeals from an order of disposition of the Family Court, Suffolk County (Pach, J.), entered June 6, 1995, which, after fact-finding and dispositional hearings, found that he had sexually abused his daughter Danielle S., and neglected his son Harry S. as a consequence thereof, and *inter alia,* released the subject children to the custody of their mother.

Ordered that the order of disposition is affirmed, with costs.

Contrary to the appellant's contention, the Family Court properly denied his prehearing motion to dismiss the separate petitions alleging that he sexually abused both his son and daughter. The allegations in the petitions sufficiently demonstrated the risk of imminent danger to both children so as to justify a fact-finding hearing *(see, Matter of Charles DD.,* 163 AD2d 744).

The father's contentions that the Family Court's finding that Danielle was sexually abused was not supported by a preponderance of the evidence and that the incidents of sexual abuse themselves were too remote in time to be considered are without merit. The validating testimony of the child abuse expert, as well as the testimony of a Child Protective Services caseworker and Danielle's mother, constituted sufficient corroboration of Danielle's out-of-court statements to support the determination of the Family Court *(see, Matter of Nicole V.,* 71 NY2d 112; *Matter of Kimberly R.,* 178 AD2d 531, *appeal dismissed* 80 NY2d 892, *cert denied sub nom. Steve R. v Commissioner of Social Servs.,* 506 US 1005). That the incidents involving Danielle occurred at least eight years ago do not, under the particular facts of this case, render them stale and unworthy of consideration *(see, Matter of Charles DD., supra,* at 747).

We have examined the appellant's remaining contention and find it to be without merit. Thompson, J. P., Krausman, Florio and McGinity, JJ., concur.